IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOHN DOE, | ) | CASE NO. _____ |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **NOTICE OF REMOVAL AND** |
| | ) | **DESIGNATION OF PLACE OF TRIAL** |
| UNIVERSITY OF NEBRASKA, | ) | |
| UNIVERSITY OF NEBRASKA BOARD OF | ) | |
| REGENTS, | ) | |
| | ) | |
| Defendants. | ) | |

COME NOW Defendants University of Nebraska and University of Nebraska Board of Regents, by and through its undersigned counsel, and pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, hereby submits this Notice of Removal of Civil Action ("Notice"), thereby removing this case to the United States District Court for the District of Nebraska, and designating Lincoln, Nebraska as the place of trial ("Designation"). In support of this Notice and Designation, Defendants state as follows:

**TIMELINESS OF REMOVAL**

1.      On or about August 27, 2018, there was commenced in the District Court of Lancaster County, Nebraska, a civil action, Case No. CI 18-2880, in which the above-named John Doe ("Plaintiff") is the Plaintiff, and University of Nebraska Board of Regents and University of Nebraska (hereinafter collectively referred to as "University") are the Defendants. A true and accurate copy of all process, pleadings, and orders served, filed, or entered in the state court action as of the date of the filing of this removal is attached hereto as **Exhibit 1.** *[See Doc. No. 1, Ex. 1].*

2.      University was not properly served with the initial pleading, as required by NEB. REV. STAT. § 25-510.02, which provides:

(1) The State of Nebraska, any state agency as defined in section 81-8,210,

and any employee of the state as defined in section 81-8,210 [University of Nebraska is an agency for *purposes of the State Tort Claims Act*] sued in an official capacity may be served by leaving the summons at the office of the Attorney General with the Attorney General, deputy attorney general, or someone designated in writing by the Attorney General, or by certified mail or designated delivery service addressed to the office of the Attorney General.

3.      In the above-captioned matter, neither the Attorney General, deputy attorney general nor someone designated in writing by the Attorney General were served as required by NEB. REV. STAT. § 25-510.02.

4.      ". . . a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, through service or otherwise, after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347-48 (1999). See also Gillpatrick v. Frakes, No. 4:18CV3011, 2018 WL 1955123, at *4 (D. Neb. Apr. 17, 2018) ("Because § 1446(b)(1) requires service to start the thirty-day clock, the filing of the original complaint had no impact on the time given to the present defendants for removal.").

5.      This Notice was filed with this Court on October 15, 2018.

6.      Accordingly, pursuant with the requirements of 28 U.S.C. § 1446(b), this Notice is timely filed with the Court because Plaintiff has failed to properly serve such pleading upon Defendant.

## BASIS FOR JURISDICTION

7.      The applicable statute governing removal, 28 U.S.C. § 1441, provides in pertinent part:

> (a)      Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for

the district and division embracing the place where such action is pending.

Thus, removal is proper under 28 U.S.C. § 1441 where this Court has original subject matter jurisdiction of the action and the removal is timely filed.

8.      Here, this Court has original subject matter jurisdiction of this action according to 28 U.S.C. § 1331, which provides that "the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

9.      Plaintiff seeks to recover damages arising out of alleged violations of: Title IX of the Education Amendments of 1972, 20 U.S.C. §§ 1681 *et seq.* This claim involves federal statutes providing original jurisdiction to federal district courts, and thus may be removed as a matter of law.

10.     Consequently, this Court has original jurisdiction under 28 U.S.C. § 1331, and removal is proper under 28 U.S.C. § 1441.

11.     Further, Plaintiff seeks to recover damages arising out of: Breach of Contract; Breach of Contract/Common Law: Denial of Basic Fairness/Arbitrary and Capricious Decision Making; Estoppel and Reliance; and Review under Nebraska Administrative Procedure Act. This Court also has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over these claims, which arise out of the same case or controversy.

12.     By filing this Notice, in accordance with 28 U.S.C. § 1446(b)(2)(A), University (both the University of Nebraska and University of Nebraska Board of Regents) consents to the removal of this action to the United States District Court for the District of Nebraska.

13.     University expressly reserves all defenses to Plaintiff's claims, including, but not limited to, all defenses based in law, equity, statute, constitution, jurisdiction,

or immunity, and arbitration, as well as any other defense or avoidance, and does not waive any defense or right by this removal.

14.    On October 15, 2018, University filed a Notice of Filing with the Clerk of the District Court of Lancaster County, Nebraska in Case No. CI 18-2880, *John Doe v. University of Nebraska, University of Nebraska Board of Regents*. A true and correct copy of the Notice of Filing of Notice of Removal is attached hereto as **Exhibit 2**. *[See Doc. No. 1, Ex. 2]*.

15.    On the same day, University caused the Notice of removal, along with the Notice of Filling, to be served upon the individuals listed on the Certificate of Service below.

16.    Plaintiff has requested a jury trial on all claims in which a jury trial is available. *[See Doc. No. 1, Ex. 1: Compl.]*.

**DESIGNATION OF PLACE OF TRIAL**

Defendant designates Lincoln, Nebraska as the place of trial.

**CONCLUSION**

WHEREFORE, Defendants University of Nebraska and University of Nebraska Board of Regents hereby remove the above-captioned case from the District Court of Lancaster County, Nebraska to the United States District Court for the District of Nebraska, and designate Lincoln, Nebraska as the place of trial.

Dated this 15th day of October 15, 2018.

                                    UNIVERSITY OF NEBRASKA AND
                                    UNIVERSITY OF NEBRASKA BOARD
                                    OF REGENTS, Defendants

                    By:   /s/ Lily Amare
                          Susan K. Sapp #19121
                          Lily Amare #25735
                          Cline Williams Wright
                            Johnson & Oldfather, L.L.P.
                          1900 U.S. Bank Building
                          233 South 13th Street
                          Lincoln, NE 68508
                          (402) 474-6900
                          ssapp@clinewilliams.com
                          lamare@clinewilliams.com

                                    AND

                          Bren H. Chambers, #23150
                          Associate General Counsel
                          University of Nebraska
                          3835 Holdrege Street
                          Lincoln, NE 68583-0745
                          402-472-1201
                          bchambers@nebraska.edu

**CERTIFICATE OF SERVICE**

        I hereby certify that on October 15, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties who have entered an appearance in this case. I further certify that the foregoing was served upon the attorneys for the plaintiff by U.S. mail, first class postage prepaid as follows:

Roger D. Moore                          Matthew Donnelly
REHM, BENNETT, MOORE                    Petefish, Immel, Hird, Johnson,
  REHM & OCKANDER, P.C., L.L.O.           Leibold & Sloan, LLP
3701 Union Drive, #200                  842 Louisiana Street
Lincoln, NE 68516                       Lawrence, KS 66044
rmoore@rehmlaw.com                      mdonnelly@petefishlaw.com

                                    /s/ Lily Amare
                                    Lily Amare

5