IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOHN DOE,<br><br>    Plaintiff,<br><br>v.<br><br>UNIVERSITY OF NEBRASKA,<br>UNIVERSITY OF NEBRASKA BOARD OF<br>REGENTS,<br><br>    Defendants. | CASE NO. 4:18cv3142<br><br><br>**RULE 26(f) REPORT** |

The following attorneys conferred to prepare the Report of Parties' Planning Conference for the above-captioned case:

PLAINTIFF:
Roger D. Moore
REHM, BENNETT, MOORE
  REHM & OCKANDER, P.C., L.L.O.
3701 Union Drive, #200
Lincoln, NE 68516
rmoore@rehmlaw.com

 AND

Matthew Donnelly
Petefish, Immel, Hird, Johnson,
  Leibold & Sloan, LLP
842 Louisiana Street
Lawrence, KS 66044
785-843-0450
mdonnelly@petefishlaw.com

DEFENDANTS:
Susan K. Sapp #19121
Lily Amare #25735
Cline Williams Wright
  Johnson & Oldfather, L.L.P.
1900 U.S. Bank Building
233 South 13th Street
Lincoln, NE 68508
(402) 474-6900
ssapp@clinewilliams.com
lamare@clinewilliams.com

 AND

Bren H. Chambers, #23150
Associate General Counsel
University of Nebraska
3835 Holdrege Street
Lincoln, NE 68583-0745
402-472-1201
bchambers@nebraska.edu

The parties discussed the case and jointly make the following report:[1]

---

[1] Counsel are advised to use caution in filing this report as well as other documents so there is no disclosure of information required by the E-Government Act of 2002 to be kept non-public, such as addresses, phone numbers, social security numbers, etc. If such identifiers are required to be disclosed to opposing parties, you may wish to file redacted versions for the public court file and serve opposing parties with unredacted versions. See NECivR 5.3, available on the court's Website at www.ned.uscourts.gov.

I.  **INITIAL MATTERS:**

    A.    <u>Jurisdiction and Venue</u>:  The defendant

        <u>X</u>   does

        ___   does not

    contest jurisdiction and/or venue.  If contested, such position is because:

    1)    Jurisdiction:

        a. Defendants assert that Plaintiff's claims are barred for failure to follow the procedures set forth in the Nebraska State Contracts Claims Act and the Political Subdivisions Tort Claims Act; and, therefore, nor this Court or any other court has jurisdiction over Plaintiff's claims.

        b. Defendants assert that Nebraska Administrative Procedure Act is not applicable because Defendants are not "administrative agency" for purposes of the Nebraska Administrative Procedure Act; and therefore, this Court does not have jurisdiction to review under the Nebraska Administrative Procedure Act as asserted in Plaintiff's Complaint.

    2)    Venue: N/A

    B.    <u>Immunity</u>:  The defendant

        <u>X</u>   has raised

        <u>X</u>   will raise

        ___   will not raise

    Immunity defense based on failure to follow the Nebraska State Contracts Claims Act and the Political Subdivisions Tort Claims Act.

    Defendants reserve the right to raise other immunity defenses as discovery ensues.

    C.    If either jurisdiction or venue is being challenged, or if a defense of immunity will be raised, state whether counsel wish to delay proceeding with the initial phases f discovery until those issues have been decided, and if so, state (i) the earliest a motion to dismiss or transfer will be filed, and (ii) what, if any, initial discovery, limited to that issue, will be necessary to resolve the motion.

<u>Parties do not wish delay proceeding with the initial phases of discovery until those issues have been decided</u>.

D. Rule 11 Certification:  As a result of further investigation as required by Fed. R. Civ. P. 11, after filing the initial pleadings in this case, the parties agree that the following claims and defenses raised in the pleadings do not apply to the facts of this case, and hereby agree the court may dismiss or strike these claims and defenses at this time (an order adopting this agreement will be entered). _____

## II. CLAIMS AND DEFENSES:

A. <u>Plaintiff's Claims, Elements</u>: The elements of the plaintiff's claims and the elements disputed by defendant are as follows.  For each claim, list and number each substantive element of proof. (DO NOT repeat boilerplate allegations from pleadings):

    1) CLAIM ONE:  <u>V</u>IOLATION OF <u>T</u>ITLE <u>IX</u> OF THE <u>E</u>DUCATION <u>A</u>MENDMENTS OF 1972, 20 U.S.C., §1681 *ET SEQ.* <u>E</u>RRONEOUS <u>O</u>UTCOME

    Elements: <u>(1) facts sufficient to cast some doubt on the accuracy of the outcome of the disciplinary proceeding; and (2) allegation relating to a causal connection between the flawed outcome and gender bias</u>.

    Of these elements, defendants dispute the following: <u>Defendants disagree that the elements set forth by Plaintiff are in fact the elements required to prove Claim One, and further dispute all of the elements</u>.

    2) CLAIM TWO:  <u>V</u>IOLATION OF <u>T</u>ITLE <u>IX</u> OF THE <u>E</u>DUCATION <u>A</u>MENDMENTS OF 1972, 20 U.S.C., §1681 *ET SEQ.*, <u>U</u>NJUSTLY <u>S</u>EVERE <u>P</u>ENALTY/<u>S</u>ELECTIVE <u>E</u>NFORCEMENT

    Elements: <u>(1) The severity of the penalty and/or decision to initiate the proceeding was affected by the student's gender; and (2) A similarly situated female in circumstances sufficiently similar to Plaintiff would not have been subject to the same disciplinary proceedings by the University</u>.

    Of these elements, defendants dispute the following: <u>Defendants disagree that the elements set forth by Plaintiff are in fact the elements required to prove Claim Two, and further dispute all of the elements</u>.

    3) CLAIM THREE:  <u>B</u>REACH OF <u>C</u>ONTRACT

3

Elements: (1) Plaintiff and Defendants entered into a contract; (2) The terms of the contract; (3) That Defendants breached the contract; and (4) Damages which flow from the breach.

Of these elements, defendants dispute the following: ALL.

4) CLAIM FOUR: BREACH OF CONTRACT/COMMON LAW – DENIAL OF BASIC FAIRNESS/ARBITRARY AND CAPRICIOUS DECISION MAKING – GOOD FAITH AND FAIR DEALING

Elements: (1) Existence of a valid contract between Plaintiff and Defendants; (2) The existence of an implied or express covenant of good faith and fair dealing pursuant to the valid contract; (3) Defendants breached the duty of good faith and fair dealing; (4) Damages which flow from the breach.

Of these elements, defendants dispute the following: ALL.

5) CLAIM FIVE: ESTOPPEL AND RELIANCE

Elements: (1) Conduct which amounts to a false representation or concealment of material facts, or at least which is calculated to convey the impression that the facts are otherwise than, and inconsistent with, those which the party subsequently attempts to assert; (2) the intention, or at least the expectation, that such conduct shall be acted upon by, or influence, the other party or other persons; (3) knowledge, actual or constructive, of the real facts.

Of these elements, defendants dispute the following: Defendants disagree that the elements set forth by Plaintiff are in fact the elements required to prove Claim Five, and further dispute all of the elements.

6) CLAIM SIX: REVIEW UNDER THE NEBRASKA ADMINISTRATIVE PROCEDURE ACT

Elements: The Court's review is not subject to narrow statutory criteria, but it is required to make independent factual determinations based upon the agency record, and to render its decision independently of the agency's prior disposition.

4

Of these elements, defendants dispute the following: ALL.

B. Defenses. The elements of the affirmative defenses raised by the pleadings are as follows. List each affirmative defense raised or expected to be raised by the defendant(s), and the substantive elements of proof. (DO NOT repeat boilerplate allegations from pleadings or deny matters on which the plaintiff has the burden of proof):

1) DEFENSE ONE: FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

   Elements: Plaintiff's Complaint fails to state a claim for relief as a matter of law.

   Of these elements, the plaintiff disputes the following: ALL

2) DEFENSE TWO: DEFENDANTS AT ALL TIMES ACTED IN GOOD FAITH AND WITHOUT DISCRIMINATORY MOTIVE.

   Elements: There are no specific elements for this defense.

   Of these elements, the plaintiff disputes the following: ALL

3) DEFENSE THREE: PLAINTIFF HAS FAILED TO UTILIZE AND/OR EXHAUST AVAILABLE REMEDIES OR SATISFY PERQUISITES TO FILING SUIT.

   Elements: There are no specific elements for this defense.

   Of these elements, the plaintiff disputes the following: ALL

4) DEFENSE FOUR: PLAINTIFF FAILED TO TAKE ADVANTAGE OF ANY PREVENTATIVE OR CORRECTIVE OPPORTUNITIES PROVIDED BY DEFENDANTS OR TO OTHERWISE AVOID HARM BY NOT TAKING ADVANTAGE OF REPORTING PROCEDURES OUTLINED IN DEFENDANTS' POLICIES.

   Elements: There are no specific elements for this defense.

Of these elements, the plaintiff disputes the following: ALL

5) DEFENSE FIVE: <u>P</u><u>LAINTIFF IS BARRED BY THE DOCTRINES OF ACQUIESCENCE/CONSENT.</u>

Elements: <u>Plaintiff consented to the injury and/or activity/conduct which caused it.</u>

Of these elements, the plaintiff disputes the following: ALL

6) DEFENSE SIX: <u>S</u><u>TATUTE OF LIMITATIONS.</u>

Elements: <u>(1) the date the cause of action accrues, i.e., when the aggrieved party has the right to institute and maintain a suit or charge; (2) the date suit or charge is filed; and (3) the filing was made beyond the applicable limitations period.</u>

Of these elements, the plaintiff disputes the following: ALL

7) DEFENSE SEVEN: <u>F</u><u>AILURE TO EXERCISE REASONABLE DILIGENCE TO MITIGATE ALLEGED DAMAGES, IF ANY.</u>

Elements: <u>Plaintiff to mitigate or avoid the alleged damages he claims by taking reasonable steps to minimize the effects and loss related to his alleged injuries.</u>

Of these elements, the plaintiff disputes the following: ALL

8) DEFENSE EIGHT: <u>A</u><u>NY AWARDED DAMAGES MUST BE REDUCED BY ANY THIRD-PARTY PAYMENTS MADE TO PLAINTIFF FOR UNEMPLOYMENT COMPENSATION OR OTHER COMPENSATION.</u>

Elements: <u>There are no specific elements for this defense</u>.

Of these elements, the plaintiff disputes the following: ALL

9) DEFENSE NINE: <u>P</u><u>LAINTIFF'S CLAIMS ARE BARRED BY FAILURE OF CONSIDERATION.</u>

6

Elements: (1) bargained-for-exchange between the Plaintiff and Defendants; and (2) legal detriment.

Of these elements, the plaintiff disputes the following: ALL

10) DEFENSE TEN: DEFENDANTS DID NOT BREACH ANY DUTY OR OBLIGATION OWED TO PLAINTIFF.

Elements: There are no specific elements for this defense.

Of these elements, the plaintiff disputes the following: ALL

11) DEFENSE ELEVEN: ACCORD AND SATISFACTION.

Elements: (1) a bona fide dispute between the parties; (2) substitute performance tendered in full satisfaction of the claim, and (3) acceptance of the tendered performance.

Of these elements, the plaintiff disputes the following: ALL

12) DEFENSE TWELVE: THE NEBRASKA ADMINISTRATIVE PROCEDURE ACT IS NOT APPLICABLE BECAUSE DEFENDANTS ARE NOT "ADMINISTRATIVE AGENCY" FOR PURPOSES OF THE ACT AND THEREFORE PLAINTIFF IS NOT ENTITLED TO REVIEW UNDER THE ACT.

Elements: There are no specific elements for this defense.

Of these elements, the plaintiff disputes the following: ALL

13) DEFENSE THIRTEEN: LACHES

Elements: (1) inexcusable neglect by the Plaintiff and (2) prejudice resulting from such neglect.

Of these elements, the plaintiff disputes the following: ALL

14) DEFENSE FOURTEEN: UNCLEAN HANDS

Elements: (1) Plaintiff acted willfully; and (2) such conduct was fraudulent, illegal or unconscionable.

7

Of these elements, the plaintiff disputes the following: ALL

15) DEFENSE FIFTEEN: <u>ESTOPPEL/WAIVER</u>

Elements: <u>(1) Conduct which amounts to a false representation or concealment of material facts, or at least which is calculated to convey the impression that the facts are otherwise than, and inconsistent with, those which the party subsequently attempts to assert; (2) the intention, or at least the expectation, that such conduct shall be acted upon by, or influence, the other party or other persons; (3) knowledge, actual or constructive, of the real facts; (4) lack of knowledge and of the means of knowledge of the truth as to the facts in question; (5) reliance, in good faith, upon the conduct or statements of the party to be estopped; and (6) action or inaction based thereon of such a character as to change the position or status of the party claiming the estoppel.</u>

Of these elements, the plaintiff disputes the following: ALL

16) DEFENSE SIXTEEN: <u>IMMUNITY</u>

Elements: <u>Plaintiff failed to follow the procedures set forth in the Nebraska State Contracts Claims Act and the Political Subdivisions Tort Claims Act.</u>

Of these elements, the plaintiff disputes the following: Plaintiff disputes the applicability of the Nebraska State Contracts Claims Act.

**III. SETTLEMENT:**

Counsel state:

\_\_\_\_\_ There have been no efforts taken yet to resolve this dispute.

  X    This dispute has been the subject of efforts to resolve it

  X   prior to filing in court.

\_\_\_\_\_ after court filing, but before the filing of this report.

8

Those efforts consisted of Plaintiff John Doe discussing possible resolution of this matter with administrators from the University of Nebraska prior to the University issuing its decision to expel Plaintiff.

  X     Counsel have discussed the court's Mediation Plan and its possible application in this case with clients and opposing counsel.

  X     Mediation will be appropriate in this case at some point.

_____ Mediation will not be appropriate because ____.

_____ Counsel believe that with further efforts in the future, the case can be settled.  The parties will be prepared to discuss settlement, or again discuss settlement, by_____

Explain. _____

**IV.    CASE PROGRESSION:**

    A.    Do any of the parties believe an initial planning conference would be beneficial and/or should be held before a final scheduling order is entered? __NO___

Explain. <u>The Parties have agreed on most/all of the scheduling as set forth in this Rule 26(f) Report</u>.

    B.    Mandatory disclosures required by Rule 26(a)(1), including a statement of how each matter disclosed relates to the elements of the disclosing party's claims or defenses

_____ have been completed.

  X    will be completed by <u>February 22, 2019</u>.

    C.    Motions to amend the pleadings or to add parties.

        1)    The plaintiff

  X    does

_____ does not

anticipate need to amend pleadings or add parties.  Any motions to amend pleadings shall be filed by <u>March 15, 2019</u>.

        2)    The defendant

9

    \_\_\_\_   does

  <u> X </u>  does not

anticipate need to amend pleadings or add parties. Any motions to amend pleadings shall be filed by March 14, 2019.

If more than ninety days are needed, state the reason(s) why such time is necessary. <u>Not Applicable</u>.

D.    Experts.

    1)    If expert witnesses are expected to testify at the trial, counsel agree to at least **identify** such experts, by name and address, (i.e., without the full reports required by Rule 26(a)(2)), by:
   a. <u>Plaintiff: Sept 1, 2019;</u>
   b. <u>Defendant: November 15, 2019.</u>

    2)    Experts and, unless otherwise agreed, expert **reports** shall be served by <u>same date as</u> D.1 above. **Note**: The parties may agree on separate dates for the plaintiff(s) and the defendant(s).

    3)    Motions to exclude expert testimony on *Daubert* and related grounds will be filed by <u>February 1, 2020</u>.

E.    Discovery.

    1)    Written discovery under Rules 33 through 36 of the Federal Rules of Civil Procedure will be completed by <u>February 1, 2020.</u>

    2)    Depositions, whether or not they are intended to be used at trial, will be completed by <u>April 1, 2020.</u>

    3)    Agreed Discovery Procedures:

        a. <u>Unique Circumstances</u>. The following facts or circumstances unique to this case will make discovery more difficult or more time consuming:_____.

            Counsel have agreed to the following actions to address that difficulty:_____.

        b. <u>Electronic Discovery Provisions</u>: Counsel have conferred regarding the preservation of electronically produced and/or electronically

10

stored information or data that may be relevant--whether privileged or not--to the disposition of this dispute, including:

    (i)    The extent to which disclosure of such data should be limited to that which is available in the normal course of business, or otherwise;

    (ii)    The anticipated scope, cost, and time required for disclosure of such information beyond that which is available in the normal course of business;

    (iii)    The format and media agreed to by the parties for the production of such data or information as well as agreed procedure for such production;

    (iv)    Whether reasonable measures have been implemented to preserve such data;

    (v)    The persons who are responsible for such preservation, including any third parties who may have access to or control over any such information;

    (vi)    The form and method of notice of the duty to preserve;

    (vii)    Mechanisms for monitoring, certifying, or auditing custodial compliance;

    (viii)    Whether preservation will require suspending or modifying any routine business processes or procedures, records management procedures and/or policies, or any procedures for the routine destruction or recycling of data storage media;

    (ix)    Methods to preserve any potentially discoverable materials such as voice mail, active data in databases, or electronic messages;

    (x)    The anticipated costs of preserving these materials and how such costs should be allocated; and

      (xi)    The entry of and procedure for modifying the preservation order as the case proceeds.

The parties agree that:

__X___No special provisions are needed in respect to electronic discovery. The court should order protection and production of such information in accordance with its usual practice.

_____ As to electronically stored information, the following provisions will be followed by the parties: _____.

  c.  <u>Privileged and/or confidential communications and information</u>.

**General practice**: Under the court's general practice, if any document is withheld from production or disclosure on the grounds of privilege or work product, the producing party shall, for each document, disclose a description of the document withheld with as much specificity as is practicable without disclosing its contents, including (a) the general nature of the document; (b) the identity and position of its author; (c) the date it was written; (d) the identity and position of its addressee; (e) the identities and positions of all persons who were given or have received copies of it and the dates copies were received by them; (f) the document's present location and the identity and position of its custodian; and (g) the specific reason or reasons why it has been withheld from production or disclosure. The non-producing party may move to compel documents identified on the privilege log. The producing party may also seek a protective order to preserve the privilege or confidentiality of the documents identified.

**Special provisions**. To facilitate an early, efficient, and expeditious resolution of discovery issues which may arise related to documents withheld on the basis of alleged privilege or confidentiality, the parties shall discuss and consider:

    (i)    Whether the parties anticipate discovery issues or challenges arising from non-disclosure of allegedly confidential information;

       (ii)    Whether reasonable date ranges should be established after which privilege log entries for privileged or confidential information need not be made; and

       (iii)    As contemplated by Rule 502(e) of the Federal Rules of Evidence, the need for and terms of any agreement regarding disclosure of privileged attorney-client communications or confidential work product, and whether the parties will seek court approval of any such agreement.

The parties agree that:

__X__ No special provisions are needed regarding discovery of allegedly confidential information. If such issues arise, they will be resolved in accordance with the court's general practice.

_____ In addition to, or in lieu of the court's general practice for asserting confidentiality claims and resolving disputes over nondisclosure of allegedly confidential information, the parties agree the following provisions will be followed: _____.

  d. The maximum number of interrogatories, including sub-parts, that may be served by any party on any other party is <u>50.</u>

  e. The maximum number of depositions that may be taken by the plaintiffs as a group and the defendants as a group is <u> 20 </u>.

  f. Depositions will be limited by Rule 30(d)(1), except the depositions of _____, which by agreement shall be limited as follows: _____.

  g. The parties stipulate that they will be required to give at least <u>10 </u>days' notice of their intention to serve records/documents or subpoenas on third parties prior to issuance. See NECivR 45.1

  h. Other special discovery provisions agreed to by the parties include: <u>None</u>.

F.    The following claims and/or defenses may be appropriate for disposition by dispositive motion (motion to dismiss or for summary judgment or partial summary judgment): <u>ALL</u>.

        Motions to dismiss and/or for summary judgment will be filed by <u>February 1, 2020</u>.

G.    Other matters to which the parties stipulate and/or which the court should know or consider: <u>None</u>.

H.    Consent to Trial Before Magistrate Judge.

In accordance with the provisions of 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, the parties in this case may voluntarily consent to have a United States Magistrate Judge conduct any and all further proceedings in the case, including the trial, and order the entry of final judgment. The consent must be unanimous, and any appeal must be taken to the United States Court of Appeals. If the parties do not presently consent, they may do so at a later time and the case will remain with the assigned United States District Judge or, if not previously assigned, will be randomly assigned to a United States District Judge.

\_\_\_\_\_ All parties hereby voluntarily consent to have the United States Magistrate Judge conduct any and all further proceedings in this case including the trial, and order the entry of final judgment.

<u> X </u> All parties do not consent at this time.

I.    Trial date.

1)    Jury Trial:

    a.    \_\_\_\_\_ No party has timely demanded a jury trial.

    b.    \_\_\_\_\_ A party has timely demanded a jury trial and does not anticipate waiving that demand, and the parties agree that all or part of the claims in this case must be tried to a jury.

    c.    <u> X </u> A party has demanded a jury trial, and the parties disagree on whether trial by jury is available in this case. A motion to strike the <u>(plaintiff's/defendant's)</u> demand for jury trial will be filed no later than <u>  May 1, 2019</u>.

    d.    \_\_\_\_\_ Having previously demanded a jury trial, the plaintiff now waives jury trial. The defendant will file a demand for jury trial within \_\_\_\_\_ days of the filing of this report, in the absence of which jury trial will be deemed to have been waived.

    e. \_\_\_\_ Having previously demanded a jury trial, the defendant now waives jury trial. The plaintiff will file a demand for jury trial within \_\_\_\_ days of the filing of this report, in the absence of which jury trial will be deemed to have been waived.

 2) This case will be ready for trial before the court by: <u>(May, 2020)</u>. If more than eight months are required, state the special problems or circumstances that necessitate that much time for trial preparation.

This is a complex, multi-claim case with many potential witnesses, multiple attorneys, an attorney plaintiff, John Doe status, and complex facts, all of which will take time and patience in order to complete discovery and pre-trial preparation.

 3) The estimated length of trial is <u>3 to 4 days</u>.

Dated: <u>December 19, 2018</u>.

<u>/s/ Matthew Donnelly</u>   <u>/s/ Lily Amare</u>
Counsel for Plaintiff(s)    Counsel for Defendant(s)

Dated this 19th day of December, 2018.

    UNIVERSITY OF NEBRASKA;
    UNIVERSITY OF NEBRASKA BOARD
    OF REGENTS, Defendants

    By: <u>/s/ Lily Amare</u>
      Susan K. Sapp #19121
      Lily Amare #25735
      Cline Williams Wright
       Johnson & Oldfather, L.L.P.
      1900 U.S. Bank Building
      233 South 13th Street
      Lincoln, NE 68508
      (402) 474-6900
      ssapp@clinewilliams.com
      lamare@clinewilliams.com

      AND

      Bren H. Chambers, #23150
      Associate General Counsel
      University of Nebraska
      3835 Holdrege Street
      Lincoln, NE 68583-0745
      402-472-1201
      bchambers@nebraska.edu

**CERTIFICATE OF SERVICE**

      I hereby certify that on December 19th, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties who have entered an appearance in this case. I further certify that the foregoing was served upon the attorneys for the plaintiff by U.S. mail, first class postage prepaid as follows:

| | |
|---|---|
| Roger D. Moore<br>REHM, BENNETT, MOORE<br>  REHM & OCKANDER, P.C., L.L.O.<br>3701 Union Drive, #200<br>Lincoln, NE 68516<br>rmoore@rehmlaw.com | Matthew Donnelly<br>Petefish, Immel, Hird, Johnson,<br>  Leibold & Sloan, LLP<br>842 Louisiana Street<br>Lawrence, KS 66044<br>mdonnelly@petefishlaw.com |

                                      /s/ Lily Amare
                                      Lily Amare