**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| JOHN DOE,<br><br>                  Plaintiff,<br><br>    vs.<br><br>UNIVERSITY OF NEBRASKA, and UNIVERSITY OF NEBRASKA BOARD OF REGENTS,<br><br>                  Defendants. | **4:18CV3142**<br><br>**FINAL PROGRESSION ORDER** |

      A Planning Conference was held in this matter on March 14, 2019. Pursuant to Fed. R. Civ. P. 16 concerning matters of importance in scheduling this case, and in accordance with the matters discussed at the Conference,

      **IT IS ORDERED** that the provisions of the Court's earlier, initial progression order remain in effect, and in addition to those provisions, the following shall apply:

1) The jury trial of this case is set to commence before Richard G. Kopf, Senior United States District Judge, in Courtroom 1, United States Courthouse, Lincoln, Nebraska, at **9:00 a.m.** on **September 28, 2020**, or as soon thereafter as the case may be called, for a duration of four (4) trial days. This case is subject to the prior trial of criminal cases and other civil cases that may be scheduled for trial before this one. Jury selection will be held at the commencement of trial.

2) The Pretrial Conference is scheduled to be held before the undersigned magistrate judge on **September 4, 2020** at **10:00 a.m.**, and will be conducted by internet/telephonic conferencing. Counsel shall use the internet teleconference instructions assigned to this case to participate in the conference. (Filing No. 17) (If counsel wishes to appear in person, counsel must contact chambers requesting permission to do so. Before contacting chambers to request such relief, counsel shall confer regarding the issue.) **The parties' proposed Pretrial Conference Order and Exhibit List(s) must be emailed to bazis@ned.uscourts.gov, in Word format, by 3:00 p.m. on September 1, 2020.**

3) The deadline for moving to amend pleadings or add parties is:

        For the plaintiff(s):        **May 10, 2019**

4) The deadline for completing written discovery under Rules 33, 34, and 36 of the Federal Rules of Civil Procedure is **January 31, 2020**. Motions to compel discovery under Rules 33, 34, and 36 must be filed by **February 14, 2020**

    **Note:** A motion to compel, to quash, or for a disputed protective order shall not be filed without first contacting the chambers of the undersigned magistrate judge to set a conference for discussing the parties' dispute.

5) The deadlines for identifying expert witnesses expected to testify at the trial, (both retained experts, (Fed. R. Civ. P. 26(a)(2)(B)), and non-retained experts, (Fed. R. Civ. P. 26(a)(2)(C)), are:

    For the plaintiff(s):    **September 1, 2019**
    For the defendant(s):    **November 15, 2019**

6) The deadlines for complete expert disclosures[1] for all experts expected to testify at trial, (both retained experts, (Fed. R. Civ. P. 26(a)(2)(B)), and non-retained experts, (Fed. R. Civ. P. 26(a)(2)(C)), are:

    For the plaintiff(s):    **September 1, 2019**
    For the defendant(s):    **November 15, 2019**
    Plaintiff(s)' rebuttal:    **December 2, 2019**

7) The deposition deadline is **April 1, 2020**.

8) The deadline for filing motions for summary judgment on qualified immunity is **May 31, 2019**.

9) The deadline for filing motions to dismiss and motions for summary judgment is **May 1, 2020**.

10) The deadline for filing motions to exclude testimony on *Daubert* and related grounds is **May 1, 2020**.

11) Motions in limine shall be filed seven days before the pretrial conference. It is not the normal practice to hold hearings on motions in limine or to rule on them prior to the first day of trial. Counsel should plan accordingly.

12) The parties shall comply with all other stipulations and agreements recited in their Rule 26(f) planning report that are not inconsistent with this order.

13) All requests for changes of deadlines or settings established herein shall be directed to the undersigned magistrate judge, including all requests for changes of trial dates. Such requests will not be considered absent a showing of due diligence in the timely progression of this case and the recent development of circumstances, unanticipated prior to the filing of the motion, which require that additional time be allowed.

Dated this 15th day of March, 2019.

    BY THE COURT:

    s/ Susan M. Bazis
    United States Magistrate Judge

---

[1] While treating medical and mental health care providers are generally not considered "specially retained experts," not all their opinions relate to the care and treatment of a patient. Their opinion testimony is limited to what is stated within their treatment documentation. As to each such expert, any opinions which are not stated within that expert's treatment records and reports must be separately and timely disclosed.