**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

JOHN DOE,

                Plaintiff,

     vs.

UNIVERSITY OF NEBRASKA, and
UNIVERSITY OF NEBRASKA BOARD OF
REGENTS,

                Defendants.

**4:18CV3142**

**SECOND AMENDED FINAL
PROGRESSION ORDER**

This matter is before the Court on the parties' Agreed Motion for Extension of Deadlines. (Filing No. 59.)  The motion is granted.  Accordingly,

**IT IS ORDERED** that the provisions of the Court's earlier final progression orders remain in effect, and in addition to those provisions, the following shall apply:

1)     The Pretrial Conference presently scheduled to be held before the undersigned magistrate judge on **November 2, 2020** is canceled and will not be rescheduled at this time.

2)     The telephonic conference **to discuss the status of case progression, the parties' interest in settlement and trial and pretrial conference settings**, presently scheduled for **June 15, 2020**, is canceled and is rescheduled to be held with the undersigned magistrate judge on **September 1, 2020 at 10:00 a.m.** Counsel shall use the conferencing instructions assigned to this case to participate in the conference.  (Filing No. 17)

3)     The deadline for completing written discovery under Rules 33, 34, and 36 of the Federal Rules of Civil Procedure is **May 29, 2020**.  Motions to compel discovery under Rules 33, 34, and 36 must be filed by **June 15, 2020**

     **Note:** A motion to compel, to quash, or for a disputed protective order shall not be filed without first contacting the chambers of the undersigned magistrate judge to set a conference for discussing the parties' dispute.

4)     The deadlines for identifying expert witnesses expected to testify at the trial, (both retained experts, (Fed. R. Civ. P. 26(a)(2)(B)), and non-retained experts, (Fed. R. Civ. P. 26(a)(2)(C)), are:

          For the plaintiff(s):          **November 1, 2019**
          For the defendant(s):        **January 15, 2020**

5)    The deadlines for complete expert disclosures[1] for all experts expected to testify at trial, (both retained experts, (Fed. R. Civ. P. 26(a)(2)(B)), and non-retained experts, (Fed. R. Civ. P. 26(a)(2)(C)), are:

| | |
|---|---|
| For the plaintiff(s): | **November 1, 2019** |
| For the defendant(s): | **January 15, 2020** |
| Plaintiff(s)' rebuttal: | **February 7, 2020** |

6)    The deposition deadline is **September 1, 2020**.

7)    The deadline for filing motions for summary judgment on qualified immunity is **November 20, 2019**.

8)    The deadline for filing motions to dismiss and motions for summary judgment is **July 1, 2020**.

9)    The deadline for filing motions to exclude testimony on *Daubert* and related grounds is **August 1, 2020**.

10)    Motions in limine shall be filed seven days before the pretrial conference. It is not the normal practice to hold hearings on motions in limine or to rule on them prior to the first day of trial. Counsel should plan accordingly.

11)    The parties shall comply with all other stipulations and agreements recited in their Rule 26(f) planning report that are not inconsistent with this order.

12)    All requests for changes of deadlines or settings established herein shall be directed to the undersigned magistrate judge, including all requests for changes of trial dates. Such requests will not be considered absent a showing of due diligence in the timely progression of this case and the recent development of circumstances, unanticipated prior to the filing of the motion, which require that additional time be allowed.

Dated this 28th day of February, 2020.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge

---

[1] While treating medical and mental health care providers are generally not considered "specially retained experts," not all their opinions relate to the care and treatment of a patient. Their opinion testimony is limited to what is stated within their treatment documentation. As to each such expert, any opinions which are not stated within that expert's treatment records and reports must be separately and timely disclosed.