IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOHN DOE,<br><br>   Plaintiff,<br><br>vs.<br><br>UNIVERSITY OF NEBRASKA, and UNIVERSITY OF NEBRASKA BOARD OF REGENTS,<br><br>   Defendants. | 4:18CV3142<br><br>ORDER |

This matter is before the Court on Defendants' Motion to Stay Discovery (Filing No. 74). For the reasons explained below, the motion will be denied.

**DISCUSSION**

The power of a district court to stay an action pending on its docket is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). It is a "settled proposition that a court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Mendoza v. United States Immigration*, No. 8:13CV65, 2013 WL 12123539, at *2 (D. Neb. May 29, 2013) (quotation omitted).

"In determining whether staying a case is appropriate, the court will consider factors such as the economy of judicial resources and balancing the potential prejudice, hardship, and inequity to the parties." *Mendoza*, 2013 WL 12123539, at *2. "The party requesting a stay of discovery must demonstrate good cause for the stay." *Buc-ee's Ltd. v. Bucks, Inc.*, No. 8:17CV287, 2018 WL 443320, at *4 (D. Neb. Jan. 16, 2018). "Traditionally, an applicant for a stay has the burden of showing specific hardship or inequity if he or she is required to go forward." *White Cap. Constr. Co. v. Tighton Fastner and Supply,* No. 8:08CV264, 2009 WL 483842, at *3 (D. Neb. Feb. 25, 2009) (quoting *Jones v. Clinton,* 72 F.3d 1354, 1364 (8th Cir. 1996)). Ultimately, "[t]he decision

granting or denying a stay calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Prism Techs., LLC v. U.S. Cellular Corp.*, No. 8:12CV125, 2015 WL 13215454, at *1 (D. Neb. Sept. 29, 2015) (quotation omitted).

Defendants request a stay of discovery pending the Court's ruling on their summary judgment motion. Defendants argue that, because summary judgment may dispose of the entire case, staying discovery could prevent the unnecessary expenditure of time and resources. Defendants contend Plaintiff will not be prejudiced by a stay because adequate discovery has taken place and Plaintiff cannot identify further information which would be discoverable and relevant to his pending claims.

Plaintiff argues he would be prejudiced by a stay of discovery because he needs to depose two witnesses who, he maintains, are essential to his claims. Particularly, Plaintiff wants to depose Investigator Megan Counley ("Counley") regarding aspects of her investigation and her testimony at the administrative hearing. Plaintiff also would like to depose Toni Anaya (Anaya"), who served as the chair of the administrative hearing panel. Plaintiff wants to question Anaya regarding the admission and exclusion of evidence, the administrative hearing panel's consideration of evidence, the panel's decision, and the panel's impartiality throughout the administrative process. Plaintiff maintains that these witnesses' testimony is necessary to thoroughly respond to Defendants' summary judgment motion.

In opposition to the motion to stay, Plaintiff also insinuates Defendants have engaged in gamesmanship through the timing of their motion to stay and motion for summary judgment. Plaintiff's counsel claims he has been trying to schedule Counley and Anaya's depositions since May 14, 2020. On May 28, 2020, Defendants filed an unopposed motion requesting an extension of the summary judgment deadline to October 1, 2020. That motion was granted. Defendants filed the instant motion to stay discovery and their motion for summary judgment on July 15, 2020, far in advance of the summary judgment deadline and the September 1, 2020 deposition deadline.

Upon consideration of the appropriate factors, the Court finds a stay of discovery is unnecessary. It appears from the parties' submissions that discovery is nearly complete. Therefore, moving forward with discovery will not impose a substantial burden on Defendants.

Conversely, however, staying discovery could potentially prejudice Plaintiff. A stay would prevent Plaintiff from gaining additional discovery regarding Counley's investigation and Anaya's involvement and knowledge of the administrative proceeding. Plaintiff maintains this information is necessary to justify Plaintiff's opposition to Defendants' summary judgment motion. Allowing discovery to move forward will not delay this litigation or impact judicial economy. The summary judgment deadline does not expire until October 1, 2020 and a trial date has not been scheduled. In short, Defendants have not shown good cause for a stay of discovery.

Moreover, it appears Plaintiff's counsel has been attempting to depose Counley and Anaya since May of 2020. Plaintiff reasonably believed he would have until September 1, 2020, which is the deposition deadline set out in the amended progression order, to depose these individuals. (Filing No. 69.) However, Defendants, who requested on May 28, 2020 that the written discovery deadline be extended to August 3, 2020 and that the summary judgment deadline be extended to October 1, 2020, filed their motion to stay and motion for summary judgment on July 15, 2020, well in advance of the summary judgment deadline and deposition deadline. There is no indication that Plaintiff has not been diligent in pursuing discovery.

For the reasons explained above,

**IT IS ORDERED:**

1. Defendants' Motion to Stay Discovery (Filing No. 74) is denied.

2. The deposition deadline is extended to September 25, 2020.

3. Plaintiff shall respond to Defendants' Motion for Summary Judgment (Filing No. 72) by October 9, 2020.

4. The planning conference scheduled for September 1, 2020 is canceled. If Defendants' motion for summary judgment is denied, the parties shall contact the Court within seven days of the Court's ruling to reschedule the conference.

Dated this 27th day of August, 2020.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge